Daniels, J.
The intestate died in the city of New York, the owner of policies of life insurance, forming part of his estate. He left no person resident there, entitled to letters of administration upon his estate, and an application was therefore made for the issuing of letters to the public administrator. Notice of this application was published, as that was required to be done by the law, and on the day assigned for the appearance of the parties, counsel appeared before the surrogate on behalf of the widow and heirs-at-law of the intestate, but as the case was not upon the calendar for that day, it was not called, neither was any disposition made of it by the surrogate. It accordingly stood over ready to be heard whenever in the ordinary course of the busines; of the court it should be brought to the attention of the surrogate.
*885 After this failure to bring on tlie case on the day assigned for its hearing, an" interview took place between the counsel representing the different parties, in which an effort was made to agree upon some day when the case should be. heard, but no agreement was made, and in the absence of the counsel representing the widow and next of kin, and on the 1st day of May, 1886, the case was brought to the attention of the surrogate, and an order was made direct-. ing letters of administration to be awarded and issued to the public administrator of the city. And it was to vacate this order or decree and obtain a hearing of the application, that the motion was made which was denied by the order from which the appeal has been brought. It was not designed in support of the application to vacate the order, that the widow, or either of the . next of kin, should take out letters of administration upon this estate, but it was proposed by the counsel who1 secured the appointment of the public administrator, that the next of kin or widow, might apply to the surrogate for letters of administration on this estate. That, however, was not done, neither was any indication given that it would be done if the proceeding then pending before the surrogate was continued to some definite later day. What the appellants desired and designed, was not to secure another or different appointment, but to resist the application made for the appointment of the public administrator. His appointment was secured at the instance and for the benefit of creditors of the intestate in the city of Hew York, and to revoke it would - have a tendency to derange or defeat their rights. There was no meritorious . ground disclosed in support of the application. But it appeared to be dependent more on technical objections to the appointment of the public administrator, than prompted by a desire to secure the settlement of the estate through the intervention of any relative to whom letters of administration might lawfully be issued. The surrogate considered that this would not justify a further hearing, or discussion, of the case, and in that he seems to have been right, and the order should be affirmed with costs.
Davis and Beady, JJ., concur.